UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
HARTFORD CASUALTY
INSURANCE COMPANY

                           Plaintiff,

     v.                                      1:11-CV-00517

STEPHEN R. CHAPMAN,
KIMBERLY CHAPMAN,
UNIVERSAL CUSTOM MILLWORK, INC.

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff Hartford Casualty Insurance Company commenced the instant action against Defendants Universal Custome Millworkd, Inc. and Stephen and Kimberly Chapman on May, 5, 2011.  A copy of the Summons and Complaint was served on Defendant Universal on May, 28, 2011.  The Summons and Complaint were served on Defendants Stephen and Kimberly Chapman on June, 25, 2011.  On July 26, 2011, the Clerk of the Court entered a default against Defendants.  Presently before the Court is Plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

      Upon a default, a defendant is deemed to have admitted all of the well-pleaded allegations in the Complaint. Cotton v. Slone, 4F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup., Inc., v. E.L.U.L. Realty Group Corp., 973 F.2d 155, 158 (2d Cir. 1992).  Here, the Complaint alleges that Plaintiff issued surety bonds to Universal.  As part of the transactions, Stephen and Kimberly Chapman executed a "General Indemnity Agreement" in

favor of Plaintiff.  The General Indemnity Agreement provides that "the Indemnitors will indemnify and hold the Surety harmless from all loss, liability, damages and expenses including but not limited to court costs, interest and attorney's fees, which the Surety incurs or sustains (1) because of having furnished any Bond, or (2) because of the failure of an Indemnitor to discharge any obligations under this agreement, or (3) in enforcing any of the provisions of this agreement."  The Indemnitors also were obligated to pay to the Surety "the amount deemed necessary by the Surety to protect itself from all the losses or expenses," if the Indemnitors default on their contractual obligations to the third party.  As a result of the Universal's failure to fulfill its contractual obligations to the third party, Plaintiff incurred expenses under the surety bond.  Defendants did not indemnify Plaintiff for the expenses it incurred.  Accordingly, Defendants' failure to indemnify Plaintiff for the losses it sustained constitutes a breach of the indemnity agreement.

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).  Plaintiff must establish the damages "in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, 973 F.2d at 158; Overcash v. United Abstract Group, Inc., 549 F. Supp.2d 193, 196 (N.D.N.Y. 2008) ("[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought.").  "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l Group Merch. Servs. v. Ninna, Inc., 655 F. Supp.2d 177, 189 (E.D.N.Y. 2009); Greyhound Exhibitgroup, 973 F.2d at 158, 160.  Plaintiff seeks the entry of judgment against Defendants in the amount of $1,150,012

plus interest, attorneys' fees, costs and disbursement.  Plaintiff also seeks an amount of $5,339,892 to cover anticipated future losses and expenses in connection with unresolved claims under the Bonds.

"Damages for breach of contract must be 'such only as actually follow or may follow from the breach of the contract'." RCN Telecom Services, Inc. v. 202 Ctr. St. Realty LLC., 156 F. App'x. 349, 351 (2d Cir. 2005)(quoting Wakeman v. Wheeler & Wilson Mfg. Co., 101 N.Y. 205, 209, 4 N.E. 264 (1886)).  Plaintiff's submissions adequately establish actual damages in the amount of $1,150,012.  However, because there is insufficient proof in the record showing that Plaintiff is likely to incur losses in the amount of $5,339,892 in the future, the Court cannot award this amount absent a hearing.  Accordingly, on or before October 28, 2011, Plaintiff shall submit affidavits or other evidentiary materials substantiating its claim for the additional $5,339,892.  Defendants shall have until November 14, 2011 to file a response.

For the forgoing reasons, Plaintiff's motion for default judgment in the amount of $1,150,012 is granted.  The court reserves judgment on the remaining amounts pending the parties' further submissions.

IT IS SO ORDERED.

Dated:   October 17, 2011

Thomas J. McAvoy
Senior, U.S. District Judge

- 3 -